UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-20359-GAYLES

**ANDRES FELIPE MONTOYA**,

       Plaintiff,

v.

**JOHN HERNANDEZ**,

       Defendant.

_____/

## ORDER GRANTING DEFENDANT'S EXPEDITED MOTION TO STAY CASE

**THIS CAUSE** is before the Court on Defendant Officer John Hernandez's Expedited Motion to Stay Case Pending a Decision by the Eleventh Circuit Court of Appeals [ECF No. 84]. On March 21, 2024, this Court denied Defendant's Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), ruling, as relevant here, that it could not incorporate by reference Defendant's body-worn camera ("BWC") footage attached to his Answer because Plaintiff did not refer to the footage in his Amended Complaint. [ECF No. 81 at 6–10]. Defendant points out that in *Johnson v. City of Atlanta*, No. 1:21-CV-01977-JPB, 2022 WL 836300, at *1–2 (N.D. Ga. Mar. 21, 2022), *appeal docketed*, No. 22-11359 (11th Cir. Apr. 18, 2022), the Eleventh Circuit plans to address that precise issue: whether a court may consider video footage attached to an answer under the incorporation-by-reference doctrine even if the plaintiff did not explicitly reference the footage in his complaint. [ECF No. 84 ¶¶ 2–5]. Defendant asks this Court to stay this case until the Eleventh Circuit decides *Johnson*, as that decision may warrant reconsideration of this Court's denial of Defendant's Motion for Judgment on the Pleadings. *Id*. ¶¶ 7–10.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also*

*Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." (alteration added; citations omitted)). Indeed, "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (alterations added; citations omitted). Finally, in the "interest of judicial economy," courts can "order a stay of [a] proceeding pending the outcome of [an] appeal." *Lozman v. City of Riviera Beach*, No. 08-CV-80134-DMM, 2011 WL 13107422, at *4 (S.D. Fla. May 4, 2011) (alterations added).

Here, the Court finds that a stay is warranted because the issue before the Eleventh Circuit in *Johnson* "is nearly the same as the central question in this case." *Glover v. LM Gen. Ins. Co.*, No. 19-CV-21900-CMA, 2019 WL 7945690, at *2 (S.D. Fla. Dec. 4, 2019). Therefore, "the Eleventh Circuit's decision is likely to provide guidance on the issues presented here" and "the stay requested is not indefinite" because "[t]he appeal [in *Johnson*] is fully briefed." *Id.*, at *2–3.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **STAYED** pending the Eleventh Circuit's decision in *Johnson v. City of Atlanta*, No. 22-11359. All pending deadlines are hereby **STAYED** pending the resolution of *Johnson*.

2. Defendant shall notify the Court within 14 days of the date the Eleventh Circuit issues its decision in *Johnson*.

3. Defendant may move for reconsideration, under Fed. R. Civ. P. 59(e), of the Court's order denying Defendant's Motion for Judgment on the Pleadings within 28 days of the date the Eleventh Circuit decides *Johnson*.

4. This case is **ADMINISTRATIVELY CLOSED**, for statistical purposes only, without prejudice to the substantive rights of any of the parties.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of March, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record via CM/ECF

**Andres Felipe Montoya**, *pro se*
M25966
Moore Haven Correctional Facility
Inmate Mail/Parcels
Post Office Box 719001
Moore Haven, FL 33471